IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE : | § § | |
| POSITIVE HEALTH MANAGEMENT, INC., | § | Case No. 08-31630 |
| *Debtor.* | § § | Chapter 7 |
| RANDY WILLIAMS, CHAPTER 7 TRUSTEE | § § | ADVERSARY NO. _____ |
| *Plaintiff*, | § § § | |
| v. | § § | |
| ABN AMRO MORTGAGE GROUP, INC., AMERICAN EXPRESS CARD   SERVICES COMPANY, BAC HOME LOANS SERVICING, LP   F/K/A COUNTRYWIDE HOME LOANS   SERVICING, LP, VW CREDIT INC., a Delaware Corp.   d/b/a BENTLEY FINANCIAL SERVICES, CAPITAL ONE AUTO FINANCE, INC., CITIMORTGAGE, INC., HOMEQ SERVICING MORTGAGE, MERCEDES BENZ FINANCIAL, WELLS FARGO HOME MORTGAGE, INC., JENNIFER FLOREN   A/K/A JENNIFER ZIEGLER, REGAN BECKELMAN   F/K/A REGAN ZIEGLER, SYDNEY OBERHEIDEN   F/K/A SYDNEY ZIEGLER and   F/K/A SYDNEY MUELLER, *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | |

**TRUSTEE'S COMPLAINT
FOR AVOIDANCE OF TRANSFERS AND RELATED RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Randy Williams, the Chapter 7 Trustee of Positive Health Management, Inc. ("***Trustee*" or "*Plaintiff*"**), files this Original Complaint against ABN Amro Mortgage Group,

1

Inc. ("***ABN Amro***"), American Express Card Services Company ("***Amex***"), BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("***Countrywide***"), VW Credit Inc., a Delaware Corp. d/b/a Bentley Financial Services (***"VW Credit"***), Capital One Auto Finance, Inc. (***"Capital One"***), CitiMortgage, Inc. ("***CitiMortgage***"), HomeQ Servicing Mortgage ("***HomeQ***"), Mercedes Benz Financial (***"Mercedes"***), Wells Fargo Home Mortgage, Inc. ("***Wells Fargo***"), Jennifer Floren f/k/a Jennifer Ziegler (***"Floren"***), Regan Beckelman f/k/a Regan Ziegler (***"Beckelman"***), and Sydney Oberheiden f/k/a Sydney Ziegler and Sydney Mueller (***"Oberheiden"***) collectively ***"Defendants"***. For his causes of action, Plaintiff would respectfully show the Court the following:

.
PARTIES

1. Plaintiff is the Chapter 7 Trustee (the "***Trustee***") of Positive Health Management, Inc. ("***Positive Health***" or the "***Debtor***"), a Texas corporation with its principal place of business in Harris County, Texas. Positive Health is a chapter 7 debtor in Bankruptcy Case No. 08-31630, Southern District of Texas.

2. Defendant ABN Amro is a foreign corporation organized under the laws of the State of Delaware. ABN Amro's principle offices are located in Chicago, IL. ABN Amro may be served through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

3. Defendant Amex is a foreign corporation organized under the laws of the State of Delaware. Defendant's principle offices are located at 200 Vesey St., Floor 30, New York, NY 10285. Defendant may be served either through its local registered agent or by virtue of the federal long-arm statute due to its local business presence.

4. Defendant Countrywide is a domestic limited partnership organized under the laws of the State of Texas. Defendant's principle offices are located at 350 N. St. Paul St., Dallas, TX

2

75201. Defendant may be served through its registered agent C T Corporation System at 350 North St. Paul St., Dallas, TX 75201.

5. Defendant VW Credit is a foreign corporation organized under the laws of the State of Delaware. VW Credit may be served through its attorney, Lawrence Buckley at Brice, Vander Linden & Wernick, PC at 9441 LBJ Freeway, Suite 350, Dallas, Texas 75243.

6. Defendant Capital One is a foreign corporation organized under the laws of the State of Virginia. Capital One may be served through its registered agent Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant CitiMortgage is a foreign corporation organized under the laws of the State of New York. CitMortgage's principle offices are located in St. Louis, Missouri. CitiMortgage may be served through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

8. Defendant HomeQ is a foreign corporation organized under the laws of the State of California. HomeQ's principle offices are located in Sacramento, CA. HomeQ may be served either through its local registered agent or by virtue of the federal long-arm statute due to its local business presence.

9. Defendant Mercedes is a domestic corporation organized under the laws of the State of Texas. Mercedes may be served through its registered agent, C T Corporation Systems at 350 N. St. Paul St., Dallas, TX 75201.

10. Defendant Wells Fargo is a foreign corporation organized under the laws of the State of Iowa. Wells Fargo's principle offices are located at 1 Home Campus #X2404037, Des Moines, IA 50328-0001. Wells Fargo may be served through its registered agent Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, TX 78701.

11. Defendant Jennifer Floren's domicile is 5931 Desco Drive, Dallas, TX 75225. Ms. Floren has appeared in this case and filed a proof of claim. Ms. Floren may be served through her counsel, Robert Lovein at The Lovein Law Firm, PC, 5445 La Sierra Drive, Suite 420, Dallas, TX 75231.

12. Defendant Regan Beckelman's domicile is 12524 Balcara Place, Austin, TX 78732. She may be served through her counsel Scott MacKenzie, 9603 White Rock Trail, Suite 205, Dallas, TX 75238.

13. Defendant Sydney Oberheiden's domicile is in Dallas, Texas. She may be served through her counsel Scott MacKenzie, 9603 White Rock Trail, Suite 205, Dallas, TX 75238.

## JURISDICTION AND VENUE

14. The Court maintains subject matter jurisdiction over this adversary proceeding and the parties thereto pursuant to 28 U.S.C. § 1334.

15. Venue is proper in the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 1409(a).

## FACTS

16. This lawsuit arises out of the bankruptcy case, *In re Positive Health Management, Inc.*, Case No. 08-31630 (Bankr. S.D. TX. 2008) originally filed as a Chapter 11 case on March 11, 2008. Debtor operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. The case converted to chapter 7 on March 13, 2009.

17. Positive Health Management operated a pain management clinic.

18. Ronald R. Ziegler was an insider and president of the Debtor.

19. Defendant ABN Amro was the lender on a home owned by a family member of Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to ABN Amro in an amount not less than $43,205.52.

20. Defendant Amex issued *personal* credit card accounts to Ronald R. Ziegler, his family members and associates. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank account to Amex in an amount not less than $1,086,396.56.

21. Defendant Countrywide was the mortgage lender on a personal home owned by Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank account to Countrywide in an amount not less than $56,877.90.

22. Defendant VW Credit was the lender on *personal* vehicles owned by Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to VW Credit in an amount not less than $58,109.77.

23. Defendant Capital One was the lender on *personal* vehicles owned by Ronald R. Ziegler. At various times, Ron R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to Capital One in an amount not less than $61,502.92.

24. Defendant CitiMortgage was the lender on a home owned by the daughter of Ronald R. Ziegler. At various times, Ron R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to CitiMortgage for this home in an amount not less than $26,637.11.

25. Defendant HomeQ was the lender on a home owned by the daughter of Ronald R. Ziegler. At various times, Ron R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to HomeQ in an amount not less than $19,349.79.

26. Defendant Mercedes was the lender on *personal* vehicles owned by Ronald R. Ziegler and/or his family members. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to Mercedes in an amount not less than $19,789.94.

27. Defendant Wells Fargo was the mortgage lender on a home owned by Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to Wells Fargo in an amount not less than $100,201.80.

28. Defendant Jennifer Floren is the former spouse of Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to or on behalf of Ms. Floren in an amount not less than $656,729.00. Trustee also has information that Ms. Floren is in possession of property of the estate including vehicles, books and records, accounts receivables, and equipment.

29. Defendant Regan Beckelman is the daughter of Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to or on behalf of Defendant Beckelman in an amount not less than $156,420.10.

30. Defendant Sydney Oberheiden is the daughter of Ronald R. Ziegler. At various times, Ronald R. Ziegler caused transfers to be made from Positive Health Management's corporate bank accounts to or on behalf of Defendant Oberheiden in an amount not less than $204,753.45.

31. The Debtor received nothing in exchange for payments to Defendants. All payments were made within two years of Debtor's March 11, 2008 petition date.

32. Prior to filing this action, the Trustee requested in writing that Defendants return the transferred money to the bankruptcy estate. Trustee has not been able to reach a settlement with any Defendant.

6

CAUSES OF ACTION

1. **F**RAUDULENT **T**RANSFERS **U**NDER **11 U.S.C. § 548**

33. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

34. To the extent transfers referenced herein were made within 2 years of the petition date, they were made by the Debtor to or for the benefit of the Defendants with the actual intent to hinder, delay or defraud creditors of Positive Health Management at the direction of Ronald R. Ziegler.

35. Alternatively, the Debtor did not receive reasonably equivalent value for the transfers and at all times the Debtor was insolvent and/or undercapitalized at the time of the transfers.

36. Alternatively, on the date of the transfers, the Debtor was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which its property after the transfers was unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

37. Under § 550(a) of the Bankruptcy Code, the Trustee may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a).

38. Each Defendant is such a transferee from the Debtor. The Trustee is entitled to recover the value of all such payments from the Defendants plus pre- and post-judgment interest.

2. **F**RAUDULENT **T**RANSFER **U**NDER **T**EXAS **L**AW

39. All payments referenced herein made by the Debtor were made in violation of TEX. BUS. COMM. CODE. § 24.001 *et seq*. Specifically, the transfers of corporate funds were made with the actual intent to hinder, delay or defraud the creditors of Positive Health Management.

40. Alternatively, transfers to Defendants were made for less than equivalent consideration and Positive Health Management (i) was engaged in business for which the remaining assets were unreasonably small in relation to the Debtor's business; or (ii) reasonably should have known that the Debtor was incurring debts beyond its ability to repay them. TEX. BUS. COMM. CODE § 24.005.

41. A creditor exists whose claim arose before or within a reasonable time after the occurrence of the transfers for whom the Trustee can act.

42. Alternatively, the transfers of corporate funds were also made without the Debtor receiving reasonably equivalent value in exchange for the payments and the Debtor was insolvent and/or undercapitalized at the time of the transfers. A creditor exists whose claim arose before the occurrence of the transfers for whom the Trustee can act. TEX. BUS. & COM. CODE ANN. § 24.006(a). The Trustee seeks a money judgment for the amount of all transfers to Defendants.

43. Pursuant to TEX. BUS. COMM. CODE. § 24.013, Plaintiff may recover attorneys' fees from the Defendants for the successful prosecution of the claims asserted under TEX. BUS. COMM. CODE. § 24.001 *et seq*.

**4. TRANSFERS IN VIOLATION OF § 2.38 OF THE TEXAS BUSINESS CORPORATION ACT**

44. All payments to or for the benefit of Defendants violated § 2.38 of the Texas Business Corporation Act as the Debtor was insolvent or became insolvent as a result of the payments. As

such, Defendants are liable for the value of the property received from the Debtor plus pre- and post-judgment interest.

### 5. PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

45. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

46. Plaintiff pleads in the alternative.

47. Certain Defendants herein, including Amex, VW Credit, Capital One, Citimortgage, Homeq, Mercedes, and Sydney Oberheiden. Transfers to these Defendants made within ninety days of the petition date are subject to avoidance as a preference transfer.

48. To the extent that any payment/transfer to or for the benefit of Defendants was made in satisfaction of an antecedent debt, such transfer is avoidable as a preferential transfer under 11 U.S.C. § 547. An avoidable preferential transfer is a transfer (i) made within 3 months of the petition date; (ii) on account of an antecedent debt; (iii) to or for the benefit of a creditor; (iv) while the debtor was insolvent; and (v) that enables the creditor to receive more than it would have been paid in a chapter 7 bankruptcy.

49. Certain Defendants herein are insiders of the Debtor including Jennifer Floren, Regan Beckelman, and Sydney Oberheiden. Transfers to these Defendants made between ninety days and one year of the petition date are subject to avoidance as a preference transfer.

50. To the extent that any payment/transfer to or for the benefit of an insider to the Debtor was made in satisfaction of an antecedent debt, such transfer is avoidable as a preferential transfer under 11 U.S.C. § 547. An avoidable preferential transfer is a transfer (i) made between ninety days and one year of the petition date; (ii) on account of an antecedent debt; (iii) to or for

the benefit of a creditor; (iv) while the debtor was insolvent; and (v) that enables the creditor to receive more than it would have been paid in a chapter 7 bankruptcy.

51. To the extent that any transfer was made in satisfaction of an outstanding debt, such transfer was made on account of an antecedent debt. The Debtor was insolvent at the time of all payments/transfers. The payments/transfers would allow Defendants to receive more than they would in a chapter 7 case.

52. Under § 550(a) of the Code, the Trustee may recover the transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such initial transferee." 11 U.S.C. §550(a). Each Defendant was such a transferee of such payments. Consequently, the Trustee is entitled to recover all payments from the Defendants plus pre- and post-judgment interest.

### 6. UNAUTHORIZED POST-PETITION TRANSFERS UNDER 11 U.S.C. § 549

53. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

54. Certain Defendants herein, including Amex, Citimortgage, Homeq, Mercedes, and Sydney Oberheiden received unauthorized transfers during the bankruptcy. Transfers to these Defendants made during the bankruptcy are subject to avoidance as an unauthorized post-petition transfer.

55. To the extent that any payment/transfer to or for the benefit of Defendants was made after commencement of the case and was not authorized by the court, such transfers are avoidable under 11 U.S.C. § 549. An avoidable post-petition transfer is a transfer (i) made after commencement of the case and (ii) that is not authorized by the court.

56. To the extent that any transfer was made in after commencement of the case it was not authorized by the court.

57. Under § 550(a) of the Code, the Trustee may recover the transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such initial transferee." 11 U.S.C. §550(a). To the extent Defendant was a transferee of such payments, Defendant is subject to 11 U.S.C. §550(a). Consequently, the Trustee is entitled to recover all payments from such Defendants plus pre- and post-judgment interest.

### 7. EQUITABLE LIEN

58. The Trustee is entitled to an equitable lien on any home or vehicle for which payments of corporate funds were made. The extent of the equitable lien is the value of the payments made to Defendants on or behalf of such property.

### 8. TURNOVER OF PROPERTY TO THE ESTATE UNDER 11 U.S.C. § 542

59. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

60. After Debtor filed its voluntary petition, Ronald R. Ziegler and Defendant Jennifer Floren agreed to divert collections of accounts receivables and other estate property to Jennifer Floren, as a way to satisfy Ronald R. Ziegler's alimony obligations to Defendant Floren.

61. Such transactions were without leave of this Court. Accordingly, a constructive trust should be imposed on any monies collected by Defendant Ms. Floren from accounts receivable of the Debtor and such proceeds turned over to the bankruptcy estate.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trustee respectfully requests that the Court enter judgment against Defendants as follows:

(a)     enter judgment for Plaintiff;

(b)     avoid the transfers of debtor's corporate funds to Defendants under 11 U.S.C. §§ 547, 548, and 549;

(c)     avoid the transfers of debtor's corporate funds to Defendants pursuant to TEX. BUS. COMM. CODE. § 24.001 *et seq.*;

(d)     avoid the transfers of debtor's corporate funds to Defendants pursuant to § 2.38 of the Texas Business Corporation Act;

(e)     pursuant to 11 U.S.C. § 550 order Defendant ABN Amro to pay $43,205.52;

(f)     pursuant to 11 U.S.C. § 550 order Defendant Amex to pay $1,086,396.56;

(g)     pursuant to 11 U.S.C. § 550 order Defendant Countrywide to pay $56,877.90;

(h)     pursuant to 11 U.S.C. § 550 order Defendant VW Credit to pay $58,109.77;

(i)     pursuant to 11 U.S.C. § 550 order Defendant Capital One to pay $61,502.92;

(j)     pursuant to 11 U.S.C. § 550 order Defendant CitiMortgage to pay $26,637.11;

(k)     pursuant to 11 U.S.C. § 550 order Defendant HomeQ to pay $19,349.79;

(l)     pursuant to 11 U.S.C. § 550 order Defendant Mercedes to pay $19,789.94;

(m)     pursuant to 11 U.S.C. § 550 order Defendant Wells Fargo to pay $100,201.80;

(n)     pursuant to 11 U.S.C. § 550 order Defendant Jennifer Floren to pay $656,729.00;

(o)     pursuant to 11 U.S.C. § 550 order Defendant Regan Beckelman to pay $156,420.10;

(p) pursuant to 11 U.S.C. § 550 order Defendant Sydney Oberheiden to pay $204,753.45;

(q) order Defendants to pay pre-judgment interest from the dates of transfer through the date of judgment at the rate of 6% per annum and post-judgment interest at the prevailing federal judgment rate until paid;

(r) enter an award of attorneys' fees and costs in favor of Plaintiff.

Dated: March 9, 2010                                    Respectfully submitted,

**THE KENNEDY FIRM**

By: *Kirk A. Kennedy*
Kirk A. Kennedy
Federal Bar Number: 0032453
Andrew Haut
Federal Bar Number: 1002164
P.O. Box 3502
Houston, Texas 77253
Tel: (832) 646.9228
Fax: (713) 583.7069
Special Counsel to the Chapter 7 Trustee
Randy Williams